UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAVID SAXTON, <br> Petitioner, <br> v. <br> PATRICK COVELLO, Warden, <br> Respondent.[1] | NO. LA CV 19-01830-VBF-AGR <br><br> ORDER <br><br> Summarily Dismissing the FAP Without Prejudice as an Unauthorized Second-or-Successive Habeas Petition |

On April 10, 2019, Petitioner filed a First Amended Petition for a Writ of Habeas Corpus by a Person in State Custody ("FAP"). Because Petitioner previously challenged the same state-court judgment of conviction in a habeas action that this Court dismissed with prejudice, and because he lacks Ninth Circuit authorization to

---

[1]

As the Supreme Court held in *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), the proper respondent in a habeas corpus action is the "person who has the immediate custody of the party detained." Petitioner listed "Warden" as the Respondent. (Pet. at 1.) Petitioner is incarcerated at the Donovan Correctional Facility in San Diego, CA. According to the California Department of Corrections and Rehabilitation ("CDCR") website, Patrick Covello is Acting Warden at Donovan.

Pursuant to Fed. R. Civ. P. 25(d), the Court inserts Covello as respondent. *See North v. Price*, 2016 WL 4060123, *1 (C.D. Cal. Mar. 28, 2016); *accord Argue v. Current MDOC Special Activities Director*, 2011 WL 976408, *4 (W.D. Mich. Mar. 16, 2011) (Maloney, C.J.).

file a second or successive habeas petition, the Court lacks jurisdiction over the matter.

**PROCEDURAL HISTORY.** Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas action in this District. On June 3, 2011, an L.A. County Superior Court jury found Petitioner guilty of assault with a deadly weapon (handgun) and dissuading a witness by force or threat. (*Saxton I*, Lodged Document ("LD") 1 at 393-94.)[2] Petitioner admitted two prior "strike" convictions and five prior prison terms. (*Id.*, LD 13 at 1505-08.) On September 20, 2011, Petitioner was sentenced 55 years to life in state prison. (*Id.*, LD 1 at 479-83.)

On October 10, 2013, the California Court of Appeal affirmed. (*Id.*, LD 3.) On November 7 and 12, 2013, the court modified the opinion without changing the judgment. (*Id.*, LD 4-5.) On January 15, 2014, the California Supreme Court summarily denied the petition for review. (*Id.*, LD 7.)

Previously, on February 27, 2013, the Court of Appeal summarily denied a state habeas petition. (*Id.*, LD 9.) On May 15, 2013, the California Supreme Court summarily denied a habeas petition. (*Id.*, LD 11.) On March 18, 2015, the California Supreme Court denied a state habeas petition with a citation to *In re Clark*, 5 Cal. 4th 750, 767-769 (1993). (*Id.*, LD 19.)[3]

On July 14, 2014, Petitioner constructively filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, before this Court in *Saxton v. Paramo*, No. CV 14-05673-VBF (AGR) (C.D. Cal. July 14, 2014) ("*Saxton I*"). (Pet. 1-1 at 50 (date written on envelope)) Petitioner challenged his 2011 conviction or sentence. (*Saxton I*, Doc 1 at 16-38)

---

[2] Page citations are to the page numbers generated by the CM/ECF system in the header of the document in the respective action listed.

[3] The aforementioned history was obtained from the R&R issued in *Saxton v. Paramo*, No. CV 14-05673-VBF-AGR (*Saxton I*), Doc 58 at 2.

On June 16, 2017, the District Court accepted the magistrate judge's R&R, denied the habeas petition for lack of merit, dismissed the action with prejudice, and entered final judgment in favor of the respondent warden. (*Id*. Docs 70-71) The District Court denied a Certificate of Appealability ("COA") on June 16, 2017, and the Circuit denied a COA on January 30, 2018. (*Id*. Docs 72 & 79)

On February 25, 2019, Petitioner constructively filed a habeas petition in this Court in *Saxton v. Warden*, No. LA CV 19-01830-VBF-AGR (C.D. Cal. Feb. 25, 2019) ("*Saxton II*"). (Pet. 1-1 at 69 (date written on back of envelope).) On April 10, 2019, Petitioner filed a First Amended Petition ("FAP"), challenging his 2011 conviction or sentence. (*Id*., Doc 7)

The Court takes judicial notice of the Circuit's public records indicating that Petitioner has not sought, and has not received, authorization from the Circuit to file a second or successive Petition to challenge the 2011 conviction or sentence.

**ANALYSIS.** The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" Petition absent authorization from the Circuit. *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

The FAP is second or successive because it challenges the same conviction or sentence imposed by the same state-court judgment in *Saxton I*. (*Saxton II*, Dkt. No.

7 at 6-19.) In *Saxton I*, Petitioner challenged his 2011 conviction on four grounds: (1) the evidence presented at trial was insufficient to support the conviction for dissuading a witness beyond a reasonable doubt; (2) the prosecution unlawfully suppressed evidence from cameras in the area where Petitioner was charged with assaulting the victim with a deadly weapon on July 19, 2010; (3) the trial court erred in denying discovery of the "murder book" in the uncharged death of "Xray"; and (4) appellate counsel rendered constitutionally ineffective assistance by failing to raise Grounds 1, 2, and 3 on appeal. (*Saxton I*, Doc 1 at 19-38) On June 16, 2017, the District Court accepted the R&R, denied the petition for lack of merit, dismissed the action with prejudice, and entered final judgment in favor of the respondent. (*Id*. Doc 71) The District Court denied a Certificate of Appealability ("COA") on June 16, 2017. (*Id*. Doc 72) On January 30, 2018, the Circuit denied a request for a COA. (*Id*. Doc 79)

Construed liberally, the FAP raises the following grounds for relief: (1) insufficient evidence supported the conviction for dissuading a witness; (2) the prosecution suppressed video footage that exonerated petitioner of assault, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and (3) ineffective assistance of trial counsel based on failure to further question Officer Ortiz about the contents of the suppressed video. (*Saxton II*, Dkt. No. 7.) Petitioner previously raised Grounds 1 and 2 in the Petition filed in *Saxton I*, (*Saxton I*, Dkt. No. 1 at 19-38), which was denied on the merits on June 16, 2017. (*Saxton I*, Doc 71)

Petitioner's claim that counsel was ineffective for failing to further question Officer Ortiz about the contents of the suppressed video, (*Saxton II*, Doc 7 at 17), challenges the same 2011 judgment imposed by the state court in *Saxton I*. A Petition is second or successive "if the facts underlying the claim occurred by the time of the initial petition," and "if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018), *cert. denied sub*

*nom. Brown v. Hatton*, – U.S. –, 139 S.Ct. 841 (2019) (citing *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007) and *Magwood v. Patterson*, 561 U.S. 320, 332 (2010)). Thus, the FAP is second or successive.[4]

A review of the Circuit's database indicates that Petitioner has not received authorization from the Ninth Circuit to file a second or successive Petition. Rule 4 of the Rules Governing Section 2254 Cases in the U.S. Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." It is therefore necessary for the Court to dismiss the Petition as a second or successive Petition for which it lacks subject-matter jurisdiction under 28 U.S.C. § 2244(b)(3).

The Clerk will send Petitioner a copy of Ninth Circuit Form 12 so that he can

---

[4]

Petitioner's assertion of actual innocence does not alter the analysis. (*Saxton II*, Doc 7 at 1.) It is the Ninth Circuit Court of Appeals, not this Court, that must first decide whether an applicant has made a *prima facie* showing of actual innocence so as to avoid AEDPA's bar on second or successive Petitions. *See Brown*, 889 F.3d at 663; *see also Rogers v. Soto*, No. ED CV 15-00616-VBF-MAN, 2015 WL 13047668, *2 (C.D. Cal. May 11, 2015) ("Whether or not the claims alleged in the Petition may, as a prima facie matter, satisfy the requisites of 28 U.S.C. section 2244(b)(2)is a question that must be presented to and resolved by the Ninth Circuit, not this District Court.").

"Only after the Circuit has made the initial determination that the petitioner has made a prima facie showing under section 2244(b)(2)does the district court have any authority to consider whether the petitioner has, in fact, met the statutory requirements of section 2244(b)." *McKinley v. Grounds*, No. LA CV 13-00879-VBF-OP, 2013 WL 3872198, *4 n.5 (C.D. Cal. June 13, 2013) (citing, *inter alia*, 28 U.S.C. section 2244(b)(4)) ("A district court shall dismiss any claim presented in a second-or-successive application that the court of appeals has authorized to be filed unless the applicant shows that the application satisfies the requirements of this section.")); *see, e.g., Goodrum v. Busby*, 2012 WL 2190896, *1 (S.D. Cal. June 13, 2012) (after Circuit determined that petitioner had made out a prima facie case for leave to file a successive claim, the district judge nonetheless denied leave), *relief from judgment denied*, 2015 WL 5269310 (S.D. Cal. Oct. 23, 2012), *COA granted in part*, 2013 WL 499861 (S.D. Cal. Feb. 8, 2013).

"In other words," even if the Circuit determines that the habeas petitioner has made out a prima facie case for leave to file a second-or-successive claim, "the district court conducts a further gatekeeping analysis." *McKinley*, 2013 WL 3872198 at *4 n.5. "Under section 2244(b)(4), the petitioner must make more than another prima facie showing in the district court; the district court must conduct a thorough review of all allegations and evidence presented . . . to determine whether the petition meets the statutory requirements for the filing of a second or successive petition." *US v. Villa-Gonzalez*, 208 F.3d 1160, 1164-65 (9th Cir. 2000) (internal quotation marks omitted).

provide the necessary information to the Circuit for such an application.

## ORDER

The habeas petition is **dismissed without prejudice** for lack of subject-matter jurisdiction.

Separate final judgment will be entered consistent with this Order.

The Court will rule on a certificate of appealability by separate order.
The case shall be **TERMINATED (JS-6)**.

IT IS SO ORDERED.

Date: June 6, 2019

*Valerie Baker Fairbank*

Hon. Valerie Baker Fairbank
Senior United States District Judge